UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Dale Clark</u>

   v.                                    Civil No. 15-cv-276-LM

<u>Belkap County Department of
Corrections Superintendent Keith
Gray et al.</u>

**REPORT AND RECOMMENDATION**

Before the court is defendants' motion to dismiss (doc. no. 14) the complaint (doc. no. 1) in this matter as moot. Plaintiff has not objected. The motion is before this magistrate judge for a report and recommendation as to disposition. <u>See</u> LR 72.1.

**Background**

Seeking only injunctive relief, plaintiff Dale W. Clark has alleged here violations of his Eighth and Fourteenth Amendment right to receive adequate medical care while incarcerated at the BCDOC. Specifically, Clark has sought an order from this court directing the BCDOC to provide Clark with certain medical treatment for his chronic psoriasis. Clark has also alleged that he was concerned that he would be subject to retaliation at the BCDOC for filing administrative grievances about his alleged

lack of medical treatment at that facility.

When Clark filed the original complaint in this matter, he was incarcerated at the Belknap County Department of Corrections ("BCDOC"). Since filing this action, Clark has been transferred to the custody of the New Hampshire Department of Corrections ("NHDOC").

## Discussion

"The Constitution 'confines the jurisdiction of the federal courts to actual cases and controversies.'" Ford v. Bender, 786 F.3d 15, 29 (1st Cir. 2015) (citation omitted). Where a prisoner seeks only injunctive relief, his "challenge to prison conditions or policies is generally rendered moot by his transfer or release." Id. A plaintiff may demonstrate an exception to the mootness doctrine where he alleges "conduct that is 'capable of repetition yet evading review.'" Id. (citation omitted).

Clark has been transferred from the BCDOC to the NHDOC. Nothing in the record before the court suggests that Clark will be returned to the BCDOC in the foreseeable future. Accordingly, Clark's transfer to the NHDOC rendered all of the claims asserted in his complaint moot, as the court can no longer grant Clark the injunctive relief requested. Clark has

not met his burden to establish any exception to the mootness doctrine. Accordingly, the district judge should find that the claims before the court, which seek only injunctive relief from Clark's former place of incarceration, are moot, and should grant the defendants' motion to dismiss the complaint on that basis.

## Conclusion

For the foregoing reasons, the district judge should grant the motion to dismiss (doc. no. 14) and dismiss the complaint (doc. no. 1) as moot. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 5, 2016

cc: Dale Clark, pro se
    Paul T. Fitzgerald, Esq.